# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CONSORTIUM ASTALDI-ICE,** ) | Case No. 1:07 CV 758 |
| ) | |
| **Plaintiff,** ) | JUDGE DONALD C. NUGENT |
| **vs.** ) | |
| ) | MEMORANDUM OPINION |
| **THE ROBBINS COMPANY,** ) | AND ORDER |
| ) | |
| **Defendant.** ) | |

This matter is before the Court on Defendant's Motion to Dismiss Counts II, III, IV, IV, and V of the Complaint (ECF #10). Prior to responding to Defendant's Motion to Dismiss, Plaintiff filed an Amended Complaint dropping its claims for conversion (Count II) and tortious interference with contract (Count III). Plaintiff's Amended Complaint asserts claims for breach of contract (Count I), unjust enrichment–(bad faith refusal to pay for delivery of the TBM 271) (Count II), unjust enrichment–(unauthorized use of the TBM 271; payment for removal) (Count III), and unjust enrichment–constructive trust (Count IV). Plaintiff has responded to Defendant's Motion to Dismiss as a motion to dismiss the Amended Complaint. Defendant has filed a reply brief in support of its motion asserting that Plaintiff's amendments to the complaint designed to save its unjust enrichment claims were futile and that Counts II through IV of the Amended Complaint should be dismissed.[1]

---

[1] As neither party seems to object, Defendant's Motion to Dismiss Counts II, III, IV, IV, and V of the Complaint will be changed to Defendant's Motion to Dismiss Counts II, III and IV of the Amended Complaint.

## FACTUAL BACKGROUND

This action arises over a dispute involving the use of a Tunnel Boring Machine ("TBM") in a water tunnel project in Bolivia. Plaintiff Consortium Astaldi-Ice ("ICE") was awarded a contract by Empresa Misicuni ("Misicuni"), a state entity of Bolivia, to construct a water tunnel in Cochabamba, Bolivia. (Amended Complaint ¶5). To perform this contract, ICE purchased a TBM that had been manufactured by Defendant Robbins. (Amended Complaint ¶6). ICE quit the Misicuni project with approximately 501m left to excavate. By use of military force, Misicuni prevented ICE from removing the TBM from the tunnel. (Amended Complaint ¶7). Misicuni hired Robbins to use the TBM and its support resources to finish the tunnel. (Amended Complaint ¶8). ICE notified Robbins that it was not authorized to use the TBM and its support resources to complete the tunnel.  Nevertheless, Robbins completed the tunnel using the TBM and was paid $823,193 by Misicuni. (Amended Complaint ¶¶9-11).

After the tunnel project was completed by Robbins, ICE was prevented from removing its TBM. Misicuni deducted a total of $1,337,468 from its payment to ICE to cover the cost of Robbins' excavation of the remaining 501m of the tunnel, the removal of the TBM from the tunnel and other complementary works from the total price of $62,900,000 under Misicuni's contract with ICE. (Amended Complaint ¶¶12-13).

ICE, as seller and Robbins as buyer entered a Purchase-sale contract (the "Contract") for the TBM and all spare parts and accessories. (Amended Complaint ¶14) ICE satisfied its obligations

2

under the Contract to export the TBM to Chile.  (Amended Complaint ¶18). ICE believes that Robbins has sold the TBM and spare parts and accessories to a third party for a profit. (Amended Complaint ¶19).  However, Robbins breached the Contract by failing to make the payments as scheduled and by failing to pay the outstanding balance of $400,000 to ICE.  (Amended Complaint ¶23).

## STANDARD OF REVIEW

On a motion to dismiss brought pursuant to FED. R. CIV. P. 12(b)(6), the court's inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.  *Disabled Patriots of America, Inc. V. Lane Toledo, Inc.,* 325 R.Supp. 2d 837, 838 (N.D. Ohio 2004); *see also Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (6th Cir. 1990).  The court "must construe the complaint in a light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1041 (1996).   However, while construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  *See Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir. 1998)*; City of Heath v. Ashland Oil, Inc*., 834 F. Supp. 971, 975 (S.D. Ohio 1993).  Thus, a plaintiff must plead more than bare legal conclusions.  "A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)

(quoting *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 434, 436 (6th Cir. 1993)).

## DISCUSSION

In Count II of the Amended Complaint, ICE alleges that it conferred a benefit on Robbins by delivering the TBM, its spare parts and accessories and by allowing Robbins to sell them to a third party. After agreeing to accept the TBM, spare parts and accessories in "as is" condition, Robbins claimed in "bad faith, dishonestly and with conscious wrongdoing," that ICE delivered the spare parts and accessories with defects and damage. Robbins refused to pay ICE for the defective parts and accessories valued in excess of $400,000. (Amended Complaint ¶¶26-30).

Robbins argues that Plaintiff's unjust enrichment claim in Count II must fail since Ohio law does not recognize a claim for unjust enrichment over a transaction that is subject to an express written contract. *See Sematic USA, Inc. v. Otis Elevator Co.*, No. 04 CV 2400, 2006 U.S. Dist. LEXIS 36817 at *14 (N.D. Ohio 2005) ("It is well settled that a party may not recover in quasi-contract in the face of an express contract governing the same subject matter.")

In response, Plaintiff argues with respect to Count II that unjust enrichment may be pled in the alternative when an express contract is in dispute or there is evidence of fraud, bad faith, or illegality. *Resource Title Agency, Inc. v. Morreale Real Estate Services, Inc*., 314 F. Supp.2d 763, 772 (N.D. Ohio 2004). The Court in *Resource Title* permitted an alternative unjust enrichment claim because the existence of the express contract was in dispute. In this case there is no question that an express written contract between ICE and Robbins exists covering the sale of the TBM. Thus, an unjust enrichment claim is precluded.

ICE also attempts to save Count II by pointing to a brief line of construction cases where a defendant's motion to dismiss was denied allowing a plaintiff to maintain an alternative unjust enrichment claim at least to the extent that the plaintiff failed to substantially perform. *Ebenisterie Bauebois Ltee v. Marous Bros. Constr. Inc.*, 2002 WL32818011 (N.D. Ohio 2002). ICE argues that Robbins has alleged in its answer that it denies that ICE fully satisfied its obligations under the contract. The partial performance exception permitted in *Ebenisterie* is very narrow and applies only in certain construction contracts. The Court finds no reason to extend that exception to the general rule to this equipment sales contract.

Finally, ICE argues that its unjust enrichment claim in Count II has been saved by its pleading that Robbins acted in "bad faith, dishonestly and with conscious wrongdoing," in claiming that the spare parts and accessories were defective and withholding partial payment. The Court need not accept conclusory, unsupported allegations of bad faith. It is clear that Plaintiff merely attached words of bad faith to its claim without support and without the particularity required by Fed. R. Civ. P. 9(b). In short, it is clear that Plaintiff is merely restating its breach of contract claim in Count II. Plaintiff seeks the money Robbins withheld from its payment for the TBM under the contract. That claim will be resolved in Count I. Accordingly, Count II is dismissed.

In Count III, ICE claims that Robbins was unjustly enriched by using ICE's TBM to finish the tunnel excavation without compensating ICE for the use of the TBM, spare parts and support resources. In order to state a claim for unjust enrichment ICE must satisfy three elements: (1) a benefit conferred by the plaintiff upon the defendant; (2) knowledge by the defendant of the benefit; and (3)

retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Delahunt v. Cytodyne Technologies*, 241 F.Supp.2d 827, 836 (S.D. Ohio 2003); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984).  Review of Count III of the Amended Complaint shows that Plaintiff has alleged facts sufficient to support the necessary elements of an unjust enrichment claim.  Accordingly, Counts III and IV will not be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF #10) is GRANTED as to Count II of the Amended Complaint and denied as to Counts III and IV of the Amended Complaint.  This action will proceed on Counts I, III and IV of the Amended Complaint.

IT IS SO ORDERED.

      /s/Donald C. Nugent
JUDGE DONALD C. NUGENT

DATE**:**   August 9, 2007